UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DIMORIO MCDOWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:23-cv-00044-JPH-MKK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DIRECTING FURTHER PROCEEDINGS**

The petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. To proceed under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: (1) "the petitioner must rely on a statutory interpretation case because (unlike constitutional cases) § 2255[] contains no exception for statutory interpretation cases"; (2) "the petitioner must establish that he was unable to raise his statutory claim when he filed his original § 2255 motion and that the statutory interpretation decision relied upon applies retroactively"; and (3) "the legal error that would result from denying § 2241 relief must be grave enough to be deemed a miscarriage of justice." *Brown v. Krueger*, 25 F.4th 526, 528 (7th Cir. 2022) (cleaned up).

The petitioner's petition for a writ of habeas corpus does not appear to make him eligible to proceed under § 2241 because the three requirements set forth above are not met. Specifically, he cannot demonstrate the existence of a

1

fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. In his § 2241 petition, the petitioner is challenging the application of a sentencing guideline to the facts of his case, arguing that a recent decision from the U.S. Court of Appeals for the Third Circuit makes him actually innocent of a sentencing enhancement under Sentencing Guideline 2B1.1. But the petitioner was sentenced after the Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005), so the Sentencing Guidelines were only advisory when he was sentenced. Under *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013), an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" so long as the sentence is within the applicable statutory limit.

Here, the petitioner was sentenced to 174 months in prison, representing 150 months for his conviction of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and a consecutive 24-month sentence for his conviction of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). *See McDowell v. United States*, Nos. 5:12 CV 884, 5:10 CR 189, 2012 WL 3061514, at *1 (N.D. Ohio July 26, 2012). This sentence is within the applicable statutory limit. *See* 18 U.S.C. § 1349 (applying same penalties for conspiracy to commit wire fraud as for wire fraud); *id.* § 1343 (maximum penalty for wire fraud is 30 years of imprisonment); *id.* § 1028A(a)(1) (penalty for violating this section is 2 years of imprisonment, which cannot be concurrent to any sentence for violating any other law).

Because the petitioner was sentenced within the applicable statutory range, he cannot establish a miscarriage of justice as needed to proceed under § 2241. *See Hawkins*, 724 F.3d at 916 (summarizing original panel opinion's holding as "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory" (cleaned up)).

Accordingly, the petitioner shall have **through June 1, 2023,** to show cause why his petition should not be dismissed with prejudice pursuant to 28 U.S.C. § 2255(e). *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 cases through Rule 1(b)) (district court must dismiss petition if it plainly appears from the petition and exhibits that petitioner is not entitled to relief).

**SO ORDERED.**

Date: 5/5/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DIMORIO MCDOWELL
50711-019
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808